UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORRIN WHISNANT,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. C03-5121 FDB

ORDER DENYING MOTION FOR RECONSIDERATION RE: ORDER EXCLUDING THE TESTIMONY OF DR. GORDON BAKER

This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's Order excluding the testimony of Plaintiff's expert Dr. Gordon Baker. After reviewing the Plaintiff's motion and declarations filed in support thereof, and considering the Court's previous Order and the pleadings filed in support and response thereto, the Court is fully informed and hereby denies the motion for reconsideration for the reasons stated below.

**STANDARDS GOVERNING RECONSIDERATION**

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier,

ORDER - 1

through reasonable diligence.[1]  Plaintiff has not made the requisite showing as to either of the grounds for reconsideration under CR 7(h)(1).  Plaintiff rather, attempts to use this motion to revisit the factual arguments made in support of the admissibility of the testimony of Dr. Gordon Baker.

The Court is not persuaded by this reargument.  Defendant moved to have the testimony of Dr Baker excluded from evidence on the basis that his opinions and methodologies are scientifically unreliable. Defendant asserted (1) Dr Baker improperly performed an intracutaneous skin test and then improperly interpreted the results as indicating an allergic or immune response to mold, (2) Dr. Baker relied on antibody serum testing methods performed by Immunosciences Lab, Inc., that have been rejected as invalid, and (3) Dr. Baker failed to perform a proper differential diagnosis to establish that mold exposure at the commissary was the cause of Plaintiff's symptoms.

As noted in this Court's Order excluding Dr. Baker's testimony , Plaintiff did not refute or confront the Defendant's evidence, but merely asserted in a spartan four-page response bereft of both legal citation and meaningful reference to the record, that the Defendant's arguments are substantive challenges to Dr. Baker's opinions that go to the weight and persuasiveness of his testimony and are not a basis for determining admissibility.

The Court rejected Plaintiff's assertion.  Rule 702 imposes a special obligation upon the trial judge to ensure that any and all scientific testimony is not only relevant but "reliable".  <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993); <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).  The trial court's gate-keeping function requires more than simply taking the expert's word for it.  <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 43 F.3d 1311, 1319 (9th Cir.1995).  The burden of proof on a <u>Daubert</u> issue rests on the proponent of the testimony.  This Court proceeded to perform its gate-keeping function **on the record and arguments presented** and found Plaintiff had failed to

---

[1] Plaintiff brings this motion pursuant to Fed. R. Civ. P. 59.  Rule 59 governs post-trial motions for new trial and amendment of judgments.  An order excluding testimony does not fall within the preview of Rule 59.

ORDER - 2

establish Dr. Baker's proposed testimony was properly grounded, well-reasoned, and not speculative.

The Plaintiff would now like this Court to revisit the Court's determination by presenting evidence of the "reliability" of Dr. Baker's methodologies.[2]  These are facts which could have been brought to the attention of the Court earlier through the exercise of reasonable diligence.  The Court will not permit now what Plaintiff had the responsibility to do when responding to the initial motion.  Plaintiff has failed to make the requisite showing pursuant to Local CR 7(h)(1) that there exist manifest error in the prior ruling, or facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration re: Exclusion of Expert Witness Testimony Dr. Gordon Baker, M.D. [Dkt. #87] is **DENIED**.

DATED this 17th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[2] In contrast to Plaintiff's four page response to the motion to exclude the testimony of Dr. Baker, the motion for reconsideration is some twenty pages in length and includes two declarations and extensive reference to the record.

ORDER - 3