UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORRIN WHISNANT,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C03-5121 FDB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses Plaintiff's case for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

This is a toxic tort case brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Plaintiff, Lorrin Whisnant alleges that he sustained personal injuries caused by mold exposure at the commissary meat department of the Naval Base Kitsap in Silverdale, Washington (formerly known as the Bangor Submarine Base). On October 5, 2006, this Court granted Defendant's motion to exclude the testimony of Plaintiff's medical expert, Dr. Gordon Baker

ORDER - 1

[Dkt. # 83]. Dr. Baker is Plaintiff's treating physician and was retained to testify as an expert on causation. Dr. Baker was expected to testify that Plaintiff's medical condition is directly related to air quality, and specifically the mold in the meat-cutting room at the Bangor facility which caused Plaintiff to become chronically ill. This Court ruled that in response to Plaintiff's motion to exclude the testimony of Dr. Baker, Plaintiff failed on the record and arguments presented to establish Dr. Baker's testimony was reliable; ie. properly grounded, well-reasoned, and not speculative.

**SUMMARY JUDGMENT STANDARD**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995). Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson, at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not significantly probative." Id. at 249-50.

ORDER - 2

# CAUSATION

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the Court is required to look to state law in determining the liability of the defendant. <u>Simpson v. United States</u>, 652 F.2d 831 (9th Cir. 1981). The elements of a negligence claim include: (1) the existence of a duty to the plaintiff; (2) breach of that duty; and (3) injury to the plaintiff proximately caused by the defendant's breach. <u>Hertog v. City of Seattle</u>, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). On issues of causation of a medical condition, expert testimony is often required for a plaintiff to establish a prima facie case. <u>O'Donoghue v. Riggs</u>, 73 Wn.2d 814, 824, 440 P.2d 823 (1968). Expert testimony is required to establish causation when an injury involves obscure factors that would require an ordinary lay person to speculate in making a finding. Id.,, at 824; <u>Bruns v. PACCAR, Inc</u>. 77 Wn. App. 201, 214, 890 P.2d 469 (1995); <u>Riggins v. Bechtel Power Corp.</u>, 44 Wn. App. 244, 254, 722 P.2d 819 (1986). Causation in toxic tort cases requires expert medical testimony to establish causation. <u>Bruns</u>, at 214-15.

Causation in toxic tort cases is typically discussed in terms of generic and specific causation. General, or "generic" causation has been defined by courts to mean whether the substance at issue had the capacity to cause the harm alleged, while "individual causation" refers to whether a particular individual suffers from a particular ailment as a result of exposure to a substance. <u>In re Hanford Nuclear Reservation Litigation</u>, 292 F.3d 1124, 1133 (9th Cir. 2002). The Plaintiff must establish both generic and individual causation. This means that Plaintiff must establish not only that the toxic substances are capable of causing the conditions complained of, but in addition, that the toxic substances were the cause-in-fact of their specific conditions. <u>Id</u>., at 1134. See also, <u>In re Berg Litigation</u>, 293 F.3d 1127, 1130 (9th Cir. 2002) (In order to establish causation, a plaintiff must show that the toxic substance was both capable of causing his or her disease and that it in fact caused his or her disease).

Plaintiff Whisnant has failed to come forward with sufficient evidence to create a genuine

ORDER - 3

issue of fact on either causation prong.  Fatal to plaintiffs' case is the lack of expert testimony demonstrating the contaminants involved are capable of causing the specific ailments from which Whisnant suffers.   Similarly, the Plaintiff lacks expert evidence on specific causation.  Plaintiff acknowledges as much in his response to Defendant's motion for summary judgment, wherein he states: "Despite the orders to strike [Plaintiff's proposed experts Dr. Gordon Baker and Stanley Freeman], Plaintiff submits their opinions here as an offer of proof; hopefully the Court will see fit to consider these materials and, if not, it was [sic] be submitted for appellate consideration."  Plaintiff's Opposition to Summary Judgment, at 1.  This Court has ruled it will not reconsider its prior order excluding the testimony of Dr. Baker.  See, Order Denying Motion for Reconsideration [Dkt. #92].

In light of Washington's requirement of medical testimony to establish causation, there is insufficient evidence to create a genuine issue of material fact regarding causation.  Summary judgment in favor of the Defendant is appropriate.

**CONCLUSION**

For the reasons set forth above, the Court will grant Defendant's motion for summary judgment.

ACCORDINGLY,

IT IS ORDERED:

Defendant United States' Motion For Summary Judgment [Dkt #79] is **GRANTED**, and Plaintiff's case dismissed, with prejudice.

DATED this 24th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4